UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KENT** | **CIVIL ACTION** |
| | **NO. 22-26** |
| **VERSUS** | |
| **SOUTHERN TOWING COMPANY, LLC** | **SECTION: T (1)** |

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant, Southern Towing Company, LLC.[1] Plaintiff, Ronald Kent, has opposed the Motion.[2] Defendant filed a reply.[3] Considering the facts, argument, and applicable law, the Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This Jones Act case arises out of an accident aboard the M/V FRANK HOLLOMAN (the "Vessel" or "HOLLOMAN") on March 25, 2019.[4] Plaintiff alleges that he and the Vessel's mate, Chris Haggins, were moving a trash pump from an adjacent barge to the deck of the Vessel when "the pump slipped from the mate's grasp of the pump causing the weight of the pump to unexpectantly transfer" to Plaintiff, resulting in injury to his lower back.[5] Plaintiff asserts that the accident was caused by "insufficient manpower" on the HOLLOMAN, which prevented the

---

[1] R. Doc. 92.
[2] R. Docs. 100, 100-1, 100-2, 100-3, & 100-4; R. Docs. 95-1, 95-2, & 95-3. Although R. Doc. 95-1 is titled as a "Cross Motion for Summary Judgment," filed by Plaintiff, that motion has not been allowed into the record because its proposed supporting memorandum (R. Doc. 95-2) exceeded the page limitation allowed by this Court's Local Rules. Nonetheless, because Plaintiff states that the proposed Cross Motion and its attachments also serve as an opposition to Defendant's Motion for Summary Judgment, the Court has reviewed and considered the evidence, law, and argument within R. Docs. 95-1, 95-2, & 95-3 in its evaluation of Defendant's Motion for Summary Judgment.
[3] R. Doc. 104.
[4] R. Doc. 1. Plaintiff has filed an Amended Complaint (R. Doc. 8), which added a jury demand, but did not alter the factual or legal substance of his Original Complaint.
[5] R. Doc. 1, ¶¶ 9-11.

Vessel's crew from moving the pump safely.[6] Plaintiff further alleges that "[r]equiring vessel crew people to perform tasks with insufficient manpower assistance constitutes a condition of unseaworthiness that caused [Plaintiff] to injure his back attempting to move this pump," and that "Southern Towing was negligent…in directing [Plaintiff] to participate in moving this pump, under these circumstances, with insufficient manpower assistance to enable the pump to be moved with reasonable safety – which caused [Plaintiff] to injure his back."[7]

Defendant now moves for summary dismissal of Plaintiff's claims. Defendant contends the undisputed evidence shows that the task being performed by Plaintiff at the time of his accident was a two-man job and could have been performed safely by Plaintiff and the Vessel's mate, Chris Haggins. Accordingly, contrary to Plaintiff's allegations, there was sufficient manpower to accomplish the pump-moving task.[8] Plaintiff responds outside the bounds of his original allegations, arguing that the pump did not slip from the mate's hands as they were moving the pump. Rather, the pump was placed on the handrail of the Vessel's catwalk as it was being transferred from the barge. As the pump rested on the handrail, the mate intentionally let go of the pump to reposition himself before continuing to carry the pump and the pump's weight shifted during this time resulting in Plaintiff's injuries. Plaintiff, therefore, asserts that the mate's decision to release the pump was negligent.[9] Plaintiff further contends that before he and Haggins, who was in charge of the operation, began the task, Haggins sought assistance from the Vessel's engineer, who was unavailable to assist. As such, Plaintiff argues that assistance from the engineer would

---

[6] R. Doc. 1, ¶ 12.
[7] R. Doc. 1, ¶¶ 13-14. Plaintiff's Complaint asserts claims for Jones Act negligence and unseaworthiness. Plaintiff has not amended his Complaint at any time to assert a claim for maintenance and cure.
[8] R. Doc. 92-1.
[9] R. Doc. 95-2.

have prevented the accident and Haggins's decision to proceed without a third man to help was negligent.[10]

Preliminarily, the Court takes note that the allegations contained in Plaintiff's Complaint substantively differ from the negligence theory he now posits at this summary judgment stage. Plaintiff's Complaint alleges Defendant was negligent in failing to provide "insufficient manpower assistance" for the pump-moving task undertaken by Plaintiff and Haggins.[11] Plaintiff's memoranda in opposition, however, based Defendant's liability on Haggins's decision to take his hands off the pump leaving Plaintiff to steady the pump as it rested on an handrail.[12] Defendant has responded to this newly urged theory of liability.[13] Although the Court has discretion to restrict Plaintiff to the allegations of his Complaint,[14] summary judgment is appropriate under either of Plaintiff's negligence theories.

## LAW & ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law."[16] The party seeking summary judgment

---

[10] *Id.*
[11] R. Doc. 1.
[12] R. Docs. 95-2, 100-1.
[13] R. Doc. 104.
[14] *See Martinez v. Prudential Insurance Company of America, et al.*, 615 F.Supp.3d 519, 541-42 (S.D. Tx. July 14, 2022) (collecting cases).
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[16] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)).

bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party.[17] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[18] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[20]

## II. Jones Act Negligence

A seaman's employer is liable for damages under the Jones Act if its negligence caused the seaman's injury, in whole or in part.[21] A Jones Act employer has a duty to provide its employees with a reasonably safe place to work.[22] An employer's duty is one of ordinary prudence under the circumstances.[23] Such circumstances also take into account the seaman's experience, training, and education.[24] Further, "[t]he mere fact of an injury does not imply negligence" on the Jones Act employer's part.[25]

Plaintiff's Complaint alleges Defendant was negligent in providing "insufficient manpower assistance" for the pump-moving task.[26] The testimony of Plaintiff and Haggins,

---

[17] *Celotex,* 477 U.S. at 323.
[18] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[20] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*).
[22] *Jerry McNeill v. Otto Candies, LLC*, 2022 WL 16948606 at *2 (citing *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989)).
[23] *Gautreaux*, 107 F.3d at 339.
[24] *Id.*
[25] *Salis v. L&M Botruc Rental, Inc.*, 400 Fed.Appx. 900, 904 (5th Cir. 2010).
[26] R. Doc. 1.

however, demonstrates that two men could safely accomplish the task at hand. Specifically, Plaintiff testified that at least two people were needed to move the pump at issue.[27] He did not, however, state that more than two men were required. Similarly, Haggins testified that using only two men to move the pump in the manner he and Plaintiff agreed upon was absolutely safe.[28] It is undisputed that two men, Plaintiff and Haggins, were engaged in the pump-moving task when the accident occurred. Necessarily, then, Plaintiff's allegations of insufficient manpower are undermined by the testimony of both himself and Haggins, resulting in the failure of the allegations contained in Plaintiff's Complaint.

Similarly, Plaintiff's theory that Haggins's negligence resulted in the accident are unsupported by the evidence. As stated above, the task undertaken could be accomplished safely by two men. Further, Plaintiff and Haggins both testified that they had a discussion prior to beginning the task about how they were going to move the pump safely from the barge to the HOLLOMAN and both agreed on a plan.[29] Plaintiff does not recall having any problem with the decided-on plan.[30] Haggins also testified that just prior to releasing the pump from his grasp, he informed Plaintiff of his intention to do so, and the pump was resting on the handrail of the HOLLOMAN's catwalk.[31] There is no evidence to support Plaintiff's assertion that one man was incapable of steadying the pump as it rested on the handrail of the catwalk. There is also no evidence that Haggins caused the pump to shift when he took his hands off of it to reposition himself. Rather, the fact that the weight of the pump shifted was an unfortunate happenstance, not the result of any negligence on the part of Haggins.

---

[27] R. Doc. 92-4, p. 18.
[28] R. Doc. 95-3, p. 2.
[29] R. Doc. 92-4, pp. 21-22; R. Doc. 95-3, pp. 15-16, p. 14.
[30] R. Doc. 92-4, p. 22.
[31] R. Doc. 95-3, p. 26.

Plaintiff's training and experience are also of note as they favor summary dismissal of his negligence claim. Prior to working for Defendant, Plaintiff was employed as an "experienced deckhand" for a different maritime company where he had experience moving similar pumps.[32] And, since beginning his employment with Defendant, Plaintiff had achieved the rank of relief mate, received safety training from Defendant, and felt as though he had sufficient training to perform his job safely.[33] Plaintiff had previously moved this type of pump safely without incident, including moving the same pump onto the barge from which he was retrieving it when the accident occurred.[34] In fact, when the accident happened they were moving the pump using the same method that had been used before.[35] Taking all of the undisputed evidence into consideration, a trier of fact could not find that Defendant acted negligently here.

### III. Unseaworthiness

To state a cause of action for unseaworthiness, a seaman must allege not only that the vessel was unseaworthy but also that the unseaworthy condition was the proximate cause of the seaman's injury or death.[36] A showing that the injury or death was either a direct result of the unseaworthy condition or a reasonably probable consequence thereof is required to satisfy proximate causation.[37] An unseaworthy condition may manifest itself in various ways, including defective gear, appurtenances in disrepair, an unfit crew, or an insufficient number of workers assigned to a task.[38]

---

[32] R. Doc. 92-4, pp. 4-6; R. Doc. 100-1, ¶ 16.
[33] R. Doc. 92-4, p. 8. Plaintiff argues that he was not acting in his capacity as a relief mate at the time of the accident, but rather was working as deckhand under the direction of Haggins. This distinction is one without significance in evaluating Plaintiff's duty to act as a reasonable and prudent seaman based on his level of experience and training.
[34] R. Doc. 92-4, pp. 24-25; R. Doc. 95-3, p. 17.
[35] R. Doc. 95-3, pp. 24-25.
[36] *Bommarito v. Penrod Drilling Corp.*, 929 F.2d 186 (5th Cir. 1991).
[37] *Phillips v. W. Co. of N. Am.*, 953 F.2d 923 (5th Cir. 1992).
[38] *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971).

Plaintiff's Complaint alleges "insufficient manpower assistance" as the basis of his unseaworthiness claim. As discussed above, however, the evidence in this case demonstrates that the pump-moving task was a two-man job. Because Plaintiff and Haggins both testified that two men could move the pump safely using the method they decided on, Plaintiff's "insufficient manpower" theory fails as a matter of law. Further, Plaintiff testified that he was not missing any equipment that he needed to move the pump, there was nothing wrong with the pump itself that caused his accident, and that there was nothing wrong with the barge or the HOLLOMAN that caused him to be injured.[39] Accordingly, there was no defect within the Vessel or its appurtenances, nor a lack of appropriate equipment, that rendered the HOLLOMAN unseaworthy.

Plaintiff's theory that Haggins's negligence rendered the Vessel unseaworthy is also flawed. Even assuming Haggins was negligent, which he was not, an isolated act of operational negligence by a fellow crewmember that results in injury to a seaman does not render a vessel unseaworthy.[40]

## CONCLUSION

For the reasons above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 92) is **GRANTED** and that Plaintiff's negligence and unseaworthiness claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 17th day of August, 2023.

*[signature: Greg Gerard Guidry]*

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[39] R. Doc. 92-4, p. 28.
[40] *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 500 (1971).